IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAVARIS J. MEANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2325-E-BN |
| | § | |
| ATTORNEY GENERAL'S OFFICE OF TEXAS, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tavaris J. Means filed a *pro se* complaint alleging civil rights claims relating to a court proceeding in Dallas County. *See* Dkt. No. 3. And United States District Judge Ada Brown referred Means's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Means leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 11. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice for failure to state a claim.

## Legal Standards

A district court is required to screen a civil complaint filed IFP (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

As to dismissal for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual

matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted).

## Analysis

In his complaint, Means purports to assert claims against the Attorney General's Office of Texas, Jamiah Shelby, and the 301st District Court of Dallas County for violations of 42 U.S.C. § 1983, Title VII of the Civil Rights Act, and the 14th Amendment relating to late notice of a child support enforcement action that left him with inadequate time to secure counsel. *See* Dkt. No. 3. He seeks damages, declaratory relief, and injunctive relief to "enforce compliance" with a state court order. *Id.* at 2.

With respect to the claims against the 301st District Court of Dallas County, "a judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10

(1991)). "Judicial immunity is an immunity from suit, not just the ultimate assessment of damages." *Id.* (citing *Mireles*, 502 U.S. at 11 (citing, in turn, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))).

> There are only two circumstances under which judicial immunity may be overcome. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.*

*Id.*; *see also Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) ("Court [employees] 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981))).

And the complaint does not plausibly allege any circumstance overcoming judicial immunity.

So the damages claims against the 301st Judicial District Court are barred by judicial immunity and should be dismissed.

Similarly, a prosecutor is entitled to absolute immunity "for actions 'initiating a prosecution and ... presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" *Esteves v. Brock*, 106 F.3d 674 (5th Cir. 1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). This immunity "shelters prosecutors even when they act 'maliciously, wantonly or negligently.'" *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (quoting *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)). This immunity also applies to prosecutors in the child support division of the Texas Attorney General's Office. *See Nixon v.*

*Abbott*, 589 F. App'x 279, 280 (5th Cir. 2015) (per curiam); *Ramirez v. Arteaga*, No. 3:23-cv-2617-X-BN, 2023 WL 11931496, at *2 (N.D. Tex. Dec. 1, 2023).

Although a prosecutor is entitled only to qualified immunity for certain administrative activities, *see Van de Camp v. Goldstein*, 555 U.S. 335, 343 (2009), the allegations relate to notice of a hearing, which is part of the prosecution of the State's case.

So the damages claims against the Attorney General's Office of Texas are barred by prosecutorial immunity and should be dismissed.

As to the request for injunctive relief, enforcement of the state court's orders lies with the state court, and issues with its enforcement or modification of such orders are matters that should be appealed through the state courts as the federal district courts lack jurisdiction "to modify or reverse" a state proceeding under the *Rooker-Feldman* doctrine. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *accord Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see also Jordaan v. Hall*, 275 F. Supp. 2d 778, 789 (N.D. Tex. 2003) (noting that the doctrine prevents "thinly veiled attempt[s] to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders"); *but see Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) ("*Rooker-Feldman* is inapplicable

where a state appeal is pending when the federal suit is filed.").

And, to the extent that the state court judgment is not final, this Court should abstain from interfering in the state court proceedings under the *Younger* abstention doctrine. That doctrine requires that federal courts decline to exercise jurisdiction where three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (cleaned up); *accord Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The requested injunction against the state court to enforce its own order as Means interprets it would undoubtedly interfere with the state proceeding. And the state has an important interest in family law proceedings. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern.").

Finally, Means has the opportunity to raise constitutional challenges in the ongoing state proceedings. *See Moore*, 442 U.S. at 425-26 ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) ("The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." (citing *Moore*, 442 U.S. at 425)).

So Means's claim for injunctive relief should also be dismissed.

Finally, as to the claims against Jamiah Shelby, Title VII protects employees

from unlawful employment practices. *See* 42 U.S.C. § 2000e to 2000e-17. It does not apply to the facts alleged here.

So Means's claim under Title VII should be dismissed with prejudice.

And the claims under 42 U.S.C. § 1983 and the 14th Amendment are not separate claims. Rather, Section 1983 is the proper vehicle to bring constitutional claims. *See Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *Raj v. La. State Univ.*, 714 F.3d 322, 328 n.2 (5th Cir. 2013). So they are properly analyzed as one claim.

"A plaintiff makes out a [42 U.S.C.] § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law.'" *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (cleaned up; quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)). But "[p]rivate individuals generally are not considered to act under color of law, *i.e.*, are not considered state actors, and 'private misuse of a state statute does not describe conduct that can be attributed to the State.'" *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982).

But "a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970)). And "[i]t is well-established that a private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority." *Moody v. Farrell*, 868 F.3d 348, 353 (5th Cir. 2017) (cleaned up). So, for example, filing a police report or criminal complaint are not sufficient, but instead,

"[t]he plaintiff must further 'show that the police in effecting the arrest acted in accordance with a "preconceived plan" to arrest a person merely because he was designated for arrest by the private party, without independent investigation.'" *Id.* (quoting *Sims v. Jefferson Downs Racing Ass'n*, 778 F.2d 1068, 1079 (5th Cir. 1985)).

Means's complaint does not sufficiently plead that Shelby conspired with any state actors as part of a preconceived plan.

So the remaining claims against Shelby should be dismissed with prejudice.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Means has failed to state a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Means could allege viable legal claims. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## Recommendation

The Court should dismiss the complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 9, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE